**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, INDIANA**

| | |
|---|---|
| RODNEY MULLER, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CAUSE NO.  1:23-01252-cv |
| | ) |
| | ) |
| DECATUR TOWNSHIP, | ) |
| DECATUR TOWNSHIP | ) |
| POLICE DEPARTMENT, | ) |
|     **Defendants.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1.  This suit is authorized and instituted pursuant to the Title VII 42 U.S.C. § 2000e of the Civil Rights Act of 1964; 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2.  Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on or about May 30, 2023.

**PARTIES**

3.  Plaintiff, at all relevant times, resided in the Southern District of Indiana.

4.  Defendant is a governmental corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

5.  Plaintiff began working for Decatur Township Police Department as a School Resource Officer in the spring of 2022 as an independent contractor.

6.  Plaintiff worked as an independent contractor for several months.

7.  Defendant was very pleased with Plaintiff's performance.

8.  Defendant suggested that Plaintiff become an employee of Defendant as a School Resource Officer.

9.  As a result of the suggestion, Plaintiff submitted a resume.

10.  Thereafter, Plaintiff was hired as an employee of Defendant as a School Resource Officer and began working as an employee on August 3, 2022.

11.  Plaintiff performed his job well.

12.  There were no complaints about Plaintiff nor his job performance.

13.  Nevertheless, on August 16, 2022, Plaintiff was told, by another officer, that he was instructed to escort Plaintiff to Defendant's central office, and to confiscate Plaintiff's security belt which contained his assigned weapon.

14.  At Defendant's central office the Director of Operations, Chief of Police and Human Resource Director were present.

15.  The Director of Operations then showed Plaintiff a photograph of himself that included information about a 2008 arrest.

16.  That charge, for which Plaintiff had been arrested, was dismissed and his record had been expunged.

17.  Thereafter, Defendant's Director of Operations asked Plaintiff if he wanted to explain the photograph.

18. Plaintiff stated he had nothing to hide.

19. The charges were dismissed and Plaintiff's record had been expunged.

20. Nevertheless, the Director told Plaintiff, he had to resign or be terminated.

21. To avoid having a termination on his record Plaintiff resigned.

22. There was a white Resource Officer for Defendant who had been arrested and charged with felony offenses, was convicted of a crime and had been accused of other misconduct, but was hired and allowed to remain employed by Defendant for eight years.

23. The white Resource Officer was not terminated until he was accused of making racially offensives statements to a student.

24. Plaintiff was terminated due to his race in violation of Title VII.

25. Plaintiff is entitled to reinstatement, lost wages, compensatory damages and attorney fees.

<u>COUNT I</u>

26. Plaintiff incorporates by reference paragraphs 1-25.

27. Defendant as a result of discriminating against Plaintiff due to his race by forcing him to resign, violated Title VII 42 U.S.C. § 2000e of the 1964 Civil Rights Act as amended.

<u>COUNT II</u>

28. Plaintiff incorporates by reference paragraphs 1- 25.

29. Defendant as a result of discriminating against Plaintiff, due to his race by forcing him to resign, violated 42 U.S.C. § 1981 as amended.

<u>COUNT III</u>

30. Plaintiff incorporates by reference paragraphs 1- 25.

31. Defendant as a result of discriminating against Plaintiff due to his race by suspending him, violated Title VII 42 U.S.C. of § 2000e of the 1964 Civil Rights as amended.

## COUNT IV

32.  Plaintiff incorporates by reference paragraphs 1-25.

33.  Defendant as a result of using Plaintiff's expunged record to force him to resign violated I.C. 35-38-9-10.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court grant the following relief:

A.  Award Plaintiff reinstatement or Front Pay in lieu of reinstatement.

B.  Award Plaintiff any and all back pay and benefits lost.

C.  Award Plaintiff future pecuniary loss.

D.  Award Plaintiff emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

E.  Award Plaintiff punitive damages.

F.  Award Plaintiff his costs in this action and reasonable attorney fees.

G.  Grant Plaintiff any and all other relief which is allowable under the circumstances of this case.

Respectfully submitted,

 s/Gregory A. Stowers
Gregory A. Stowers, #13784-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

**STOWERS & WEDDLE P.C.**

s/Gregory A. Stowers
GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

Gregory A. Stowers, #13784-49
STOWERS & WEDDLE P.C.
626 N. Illinois Street
Suite 201
Indianapolis, IN   46204
(317) 636-6320